No. 36,713

MARY JANE FROST, *Appellant,* v. ORVIL J. FROST, *Appellee.*

(178 P. 2d 686)

Opinion filed April 5, 1947.

*T. A. Sullivan* and *R. E. Angle,* both of Wichita, were on the briefs for the appellant.

*I. H. Stearns* and *E. P. Villepigue,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for divorce brought by a wife against her husband. Judgment was for the plaintiff granting her a divorce and giving defendant a judgment for a 1938 Dodge Coupe and $715 in money. The plaintiff appeals.

For some reason we do not have the pleadings in this case— hence we are unable to state just what the issues were. It is a little difficult to tell from the abstract just what the plaintiff complains about because she says in her notice of appeal that she appeals from the judgment entered May 21, 1946. The record does not disclose any order entered on that day. The motion for a new trial was denied on the 31st day of May, however, so probably that is what counsel had in mind. The trouble is, though, the motion for new trial is not furnished, so we do not know just exactly what it is the plaintiff complained of in her motion for new trial. In her brief, however, she claims the court erred in giving the automobile of the plaintiff to the defendant and in giving defendant a judgment for $715 against her and in failing to grant plaintiff a just share of the property of defendant.

As to the automobile, it appears there is evidence from which the court would have been justified in finding that before the defendant went into the army and before they were married he owned the automobile and gave it to plaintiff. Indeed plaintiff herself testified to that effect. There is some evidence on both sides as to the financial affairs of the two parties. The trial court heard it and was in a better position to reach a just conclusion than we are from reading the record. The fact is the record does not disclose anything much but a dispute as to the facts. In such a case we can find no reason to disturb the conclusion reached by the trial court. See *Fox v. Eaglin,* 132 Kan. 395, 295 Pac. 662, and *Associated Dairies v. Fletcher,* 143 Kan. 561, 56 P. 2d 106.

As far as we can tell, there is no evidence to warrant us in concluding that the court abused its discretion in the judgment allowed.

The judgment of the trial court is affirmed.